UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PEDRO M. WONG, and others similarly-situated,

    Plaintiffs,

vs.

CENTURY ROOFING, INC., a Florida corporation,

    Defendant.
_____/

CASE NO. 08-22639-CIV-KING

MAGISTRATE JUDGE BANDSTRA

## AMENDED FLSA COMPLAINT

COMES NOW, Plaintiff, PEDRO M. WONG, by and through his undersigned attorney, and sues Defendant, CENTURY ROOFING, INC., a Florida corporation, and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime wages, under the laws of the United States, and the State of Florida. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Defendant, CENTURY ROOFING, INC. ("the Employer"), is a Florida corporation, having its main place of business in Broward County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

4. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3®) and 3(s) of the FLSA, 29 U.S.C. §§ 203®) and 203(s) and/or Plaintiff and those similarly-situated are within interstate commerce.

<u>COUNT I</u>
<u>UNPAID OVERTIME</u>

7. Plaintiff realleges and reavers paragraphs 1 through 6 as fully set forth herein.

8. Defendant is a roofing company where Plaintiff was employed to do roof repairs, from 2005 through July 2006. While employed with Defendant he earned $10.00 and $15.00 an hour. He worked from 6:30 a.m., until 6:00 or 7:00 p.m., on weekdays, and shorter hours on the weekends. Although he regularly worked in excess of forty (40) hours per week, he was not paid overtime wages as required by the FLSA. Plaintiff was paid with one check for the first forty hours of the week, and with a second check for some of the hours worked in excess of forty per week. However, Defendant failed to compensate him for all hours worked. Accordingly, he is owed for some overtime wages at half-time his regular wage, and time and one-half his regular rate for the hours for which he was not compensated at all. The similarly-situated employees are all the other roofers who performed the same or similar duties as that of Plaintiff.

9. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 <u>et seq</u>. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay them at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

10. Defendant knew that it had an obligation to pay overtime wages and knowingly chose not to pay the overtime wages. To achieve its purpose, Defendant failed to keep time records in order to prove Plaintiff's overtime hours. Defendant also paid Plaintiff with two checks. One for the hours under forty and a second check for the overtime hours to make it appear as if Plaintiff was

not working overtime. Defendant also failed to pay Plaintiff for the time spent every day loading equipment, and the time spend bringing the equipment back to the warehouse once the daily job was completed. Lastly, when Plaintiff submitted a record of his hours, Defendant would make deductions and shortchange Plaintiff on the hours worked. Defendant's violations were wilful and or committed with reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

11. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated request compensatory and liquidated damages and reasonable attorney's fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's and those similarly-situated employees entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff and those similarly-situated do not recover liquidated damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

**CERTIFICATE OF SERVICE**

     I HEREBY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to William E. Grob, Esq. of Ford & Harrison, LLP, 101 East Kennedy Boulevard, Suite 900, Tampa, Florida 33602-5133, on this 19th day of January, 2009.

                                            THE LAW OFFICES OF
                                            EDDY O. MARBAN
                                            Ocean Bank Building, Suite 350
                                            782 N.W. LeJeune Road
                                            Miami, Florida 33126
                                            Telephone (305) 448-9292
                                            Facsimile (305) 448-2788
                                            E-mail: marban@bellsouth.net

                                            By: *s/Edilberto O. Marban*
                                                  EDDY O. MARBAN, ESQ.
                                                  Fl. Bar No. 435960