## SETTLEMENT AGREEMENT AND RELEASES

This SETTLEMENT AGREEMENT (the "Agreement") is made and entered into this _ day of July _, 2009 by and between PEDRO WONG (the "Plaintiff") and CENTURY ROOFING, INC. (the "Company").

Plaintiff filed a lawsuit against the Company in the United States District for the Southern District of Florida styled *Pedro Wong. v Century Roofing, Inc.*, Case # 08-22639-CIV-KING (the "Lawsuit").

Plaintiff alleges in the Lawsuit that the Company failed to properly pay him overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA").

The Company has denied all of the claims made in the Lawsuit and maintain that the Company fully complied with the requirements of the FLSA with respect to the Plaintiff and other employees.

The Company also maintains that Plaintiff owes it an outstanding balance of $642.50 for work done by the Company for Plaintiff (the "Outstanding Balance").

Plaintiff and the Company have agreed to amicably resolve the claims made in the Lawsuit and any claims relating to the Outstanding Balance, as well as any other claims between them, pursuant to the terms and conditions in this Agreement. Accordingly, Plaintiff and the Company agree as follows:

**I. SETTLEMENT SUM**. The Company shall pay to Plaintiff, and Plaintiff agrees to accept, on behalf of himself and his heirs, executors, personal representatives, attorneys and assigns, the total gross sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) (the "Settlement Sum"). The Settlement Sum shall be apportioned by the parties as follows:

   a) TWO THOUSAND DOLLARS ($2,000.00), less all required payroll deductions, shall be paid to Plaintiff as settlement for his claims for unpaid overtime pursuant to the FLSA. The Company shall issue Plaintiff a Form W-2 for this amount and any other wages paid to him.

   b) TWO THOUSAND DOLLARS ($2,000.00) shall be paid to Plaintiff as settlement for his claims for liquidated damages pursuant to the FLSA.

   c) THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) shall be paid to Plaintiff's counsel, The Law Offices of Eddy O. Marban, as settlement for Plaintiff's claims for attorney's fees and costs pursuant to the FLSA.

**II. DISMISSAL OF THE LAWSUIT WITH PREJUDICE**. Within three (3) business days from the date the last party signs this Agreement, the parties shall file with the

*Pw*

Court in which the Lawsuit is pending a Joint Stipulation for Approval of Settlement Agreement and Dismissal of the Lawsuit with Prejudice in the form attached as Exhibit "A." The parties acknowledge and agree that this Agreement (including the payments set forth in paragraph I above) is contingent upon Court approval of this Agreement and the dismissal with prejudice of the Lawsuit. Accordingly, the parties and their respective counsel shall cooperate and execute such other documents or pleadings as may be necessary for the approval of this Agreement and the dismissal of the Lawsuit with prejudice.

   **III. PAYMENT OF THE SETTLEMENT SUM.** The Settlement Sum shall be paid in two (2) equal installments as follows:

  a) Within five (5) business days from the date the parties receive an Order approving the Agreement and dismissing Lawsuit with prejudice, the Company shall issue the following three (3) checks: (1) a check in the amount of $1,000.00, less all required payroll deductions, to Plaintiff representing one-half of the payment due pursuant to paragraph I(a) above; (2) a check in the amount of $1,000.00 to Plaintiff representing one-half of the payment due pursuant to paragraph I(b) above; and (3) a check in the amount of $1,750.00 to the Law Offices of Eddy O. Marban representing one-half of the payment due pursuant to paragraph I(c) above.

  b) Within sixty (60) [20 days] calendar days from the date the payments set forth in subparagraph (a) above, the Company shall issue the following three checks: (1) a check in the amount of $1,000.00, less all required payroll deductions, to Plaintiff representing the second-half of the payment due pursuant to paragraph I(a) above; (2) a check in the amount of $1,000.00 to Plaintiff representing the second-half of the payment due pursuant to paragraph I(b) above; and (3) a check in the amount of $1,750.00 to the Law Offices of Eddy O. Marban representing the second-half of the payment due pursuant to paragraph I(c) above.

   The checks due pursuant to subparagraphs (a) and (b) above shall be delivered to Plaintiff's counsel, Eddy O. Marban, Esq. at 782 NW LeJeune Rd, Suite 350, Miami, FL 33126. Upon receipt, Plaintiff's counsel shall be solely responsible for disbursing to Plaintiff the checks representing payment of his corresponding portion of the Settlement Sum.

   **IV. GENERAL RELEASE OF THE COMPANY.** Plaintiff hereby releases, acquits, discharges, and covenants not to sue the Company and its officers and directors (including without limitation Barbara and Ricky Steele), employees, shareholders, employees, predecessors and successors in interest, parents, subsidiaries, affiliates, related entities, assigns and attorneys (collectively, the "Company Released Parties") from any and all obligations, sums of money and claims of any kind whatsoever, whether known or unknown, that Plaintiff, individually or jointly with others, has, had or may have against the Company Released Parties from the beginning of the world to the date of this Agreement.

2



Plaintiff acknowledges and agrees that this release and waiver includes, but is not limited to, any and all causes of action arising from or relating to his employment or engagement by the Company and any work done by the Company for or on behalf of Plaintiff. Plaintiff also acknowledges and agrees that this release and waiver includes, but is not limited to, any and all causes of action: (i) for violation of the FLSA and/or the Florida Minimum Wage Act and any claims for attorney's fees and/or costs that were or could have been made in the Lawsuit; (ii) arising under any federal, state, local or foreign statute or regulation, including, without limitation, those relating to unfair or discriminatory employment practices (for example, employment discrimination based on race, national origin, sex, sex harassment, religion, age, disability or handicap) of any kind under the federal Age Discrimination in Employment Act, as amended (the "ADEA"), the federal Civil Rights Acts of 1866, 1871, 1964 and 1991 (including Title VII), the Florida Civil Rights Act, the federal Americans with Disabilities Act, the federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the Florida Wage Discrimination Law, the Florida Wage and Hour laws, Florida and federal statutes regarding "whistleblower" activities, the federal Family and Medical Leave Act of 1993, the federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), any other federal, state and local employment-related statutes and regulations, and any other employment-related local ordinance; (iii) in contract or at common law, including, but not limited to, any claim arising from or relating to work performed by the Company for or on behalf of Plaintiff, breach of oral, written and/or implied contract, breach of an implied covenant of good faith and fair dealing, breach of an warranty, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, constructive discharge, intentional and negligent infliction of emotional distress, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage.

Plaintiff acknowledges that this release and waiver is made knowingly and voluntarily and that no rights or claims arising the date of this Agreement, including, but not limited to any rights under the ADEA, are waived.

V. **GENERAL RELEASE OF PLAINTIFF.** The Company similarly releases, acquits, discharges, and covenants not to sue Plaintiff and his heirs, personal representatives, executors, attorneys and assigns (collectively, the "Plaintiff Released Parties") from any and all obligations, sums of money and claims of any kind whatsoever, whether known or unknown, that the Company has, had or may have against the Plaintiff Released Parties from the beginning of the world to the date of this Agreement. The Company acknowledges and agrees that this release and waiver includes, but is not limited to, any and all causes of action arising from or relating to Plaintiff's employment or engagement by the Company; and any work done by the Company for or on behalf of Plaintiff.

The Company also acknowledges that this release and waiver is made knowingly and voluntarily and that no rights or claims arising after the date of this Agreement are waived.

3

**VI. NO OTHER CLAIMS.** Plaintiff promises and agrees that, with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the U.S. Equal Employment Opportunity Commission, the Florida Commission on Human Rights, the Miami-Dade Equal Opportunity Board, the federal and Florida Departments of Labor, or any other federal, state or local governmental agency or department.

Plaintiff also represents that, other than the Lawsuit, he has not filed or initiated any other claims or complaints against the Company Released Parties, and currently does not have pending before any court or federal, state or local government agency any dispute of any kind against the Company Released Parties. Plaintiff further represents that he has not assigned or transferred, or purported to have assigned or transferred, to any entity or person any rights or claims released by him pursuant to this Agreement.

Plaintiff also declares and represents that he has not suffered any on-the-job or work-related accident or injury, occupational disease or disability whether temporary, permanent, partial or total that he has not reported to the Company and/or which has not been resolved.

**VII. NO RE-EMPLOYMENT.** Plaintiff agrees not to seek re-employment with the Company or to knowingly seek re-employment with any other of the Company Released Parties, and that the Company, and any other of the Company Released Parties, have no obligation, contractual or otherwise, to hire or employ him and may refuse to hire or employ him in the future based on this Paragraph VII.

**VIII. NO DISPARAGEMENT.** Plaintiff agrees that he will not make any adverse, derogatory, or disparaging comments or statements, orally or in writing, direct or indirect, about or against the Company, any of the Company Released Parties or his tenure working for the Company.

**IX. NO ADMISSIONS.** Neither this Agreement nor anything contained in this Agreement shall constitute or is to be deemed or construed as an admission by the parties or as evidence of any liability, wrongdoing or violation of any law.

**X. CONFIDENTIALITY.** Plaintiff agrees to not discuss, reveal or disclose the terms and conditions of this Agreement, the facts underlying the Lawsuit, the amount paid / to be paid to him by the Company pursuant to this Agreement, and the fact that the Company agreed to pay any amount to resolve the Lawsuit, except (1) to his attorneys, accountants and tax advisors, (2) as may be required by the Internal Revenue Service, or (3) pursuant to court order or subpoena compelling such disclosure. Plaintiff also agrees to not discuss, reveal or disclose that this Agreement is a matter of public record.

In the event he receives a subpoena, court order or other compulsory process compelling such disclosure, Plaintiff agrees to notify the Company and provide it with a copy

4


of the subpoena, court order or process as soon as possible so that the Company may contest or seek to quash such subpoena, court order or process, if it so desires. In the event that Plaintiff discloses to his attorneys, accountants or tax advisors the terms and conditions of this Agreement, the facts underlying the Lawsuit, the amount paid / to be paid by the Company pursuant to this Agreement, and/or the fact that the Company agreed to pay any amount to resolve the Lawsuit, it shall be Plaintiff's sole responsibility to advise said individuals of the confidential nature of such information and to secure from such individuals his or her assent to be bound by this confidentiality agreement and not to disclose, publicize or discuss such confidential information to anyone else. Notwithstanding anything in this Paragraph X to the contrary, Plaintiff agrees that if asked about or when discussing the Lawsuit, he will limit his remarks and simply state: "the matter has been resolved."

**XI. CONSTRUCTION OF AGREEMENT.** The parties agree and acknowledge that each of them and their respective legal counsel have reviewed and revised this Agreement, that the parties have consulted with their respective legal counsel with regard to the Agreement, and that this Agreement has been voluntary and consensually negotiated at "arms length." Accordingly, the parties agree and acknowledge that no rule of construction which would result in an interpretation or construction of this Agreement in favor, or to the detriment, of one of the parties shall apply in construing or interpreting this Agreement or any part of this Agreement.

**XII. ATTORNEYS' FEES.** Except as set forth in paragraph I above, each of the parties agrees to bear its own attorney's fees and costs in connection with the Lawsuit, the resolution of the Lawsuit and this Agreement.

**XIII. GOVERNING LAW.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida without regard to principles of conflicts of laws (venue in Broward County, Florida).

**XIV. SUCCESSORS AND ASSIGNS.** This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, next of kin, assigns and successors.

**XV. WAIVER.** The waiver by any party of any breach of any provision, covenant or condition of this Agreement shall not be construed as a waiver of any subsequent breach of such provision, covenant or condition or the breach of any other provision, covenant, or condition.

**XVI. AMENDMENT AND MODIFICATION.** This Agreement cannot be modified or amended except in writing executed by the parties. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof.

**XVII. COUNTERPARTS.** This Agreement may be executed in one or more counterparts, all of which taken together shall be deemed an original; provided that the parties shall each be given original signatures of all signatories to this Agreement.

5



XVIII. **REASONABLE TIME TO CONSIDER AND REVOCATION**. Plaintiff acknowledges that he (1) has fully read, negotiated, and completely understand the provisions of this Agreement: (2) has been advised by the Company to consult with an attorney before singing this Agreement, and has consulted with the attorney of his choice; (3) has been given at least 21 calendar days to review and consider the provisions of this Agreement; and (4) is signing this Agreement freely and voluntarily, and without duress, coercion or undue influence. Plaintiff also understands and acknowledges that he has 7 days following the execution of this Agreement to revoke his acceptance of this Agreement (the "Revocation Period") and that this Agreement shall not become effective or enforceable until the Revocation period has expired. Plaintiff agrees that revocation shall be effective only upon the Company's receipt of a written revocation notice from him delivered by 5:00 p.m. on the 7th day following his signing of this Agreement to the Company's attorney, The Diaz Law Firm, P.A., 717 Ponce de Leon Boulevard, Suite 332, Coral Gables, FL 33134. Additionally, Plaintiff understands and acknowledges that no monies shall be paid pursuant to this Agreement until the end of the Revocation Period

IN WITNESS WHEREOF, each party has caused this Agreement to be knowingly and voluntarily and with advice of counsel executed on the date(s) set forth below.

**CENTURY ROOFING, INC.**

By Barbara M. Steele, President
June __, 2009

**PEDRO WONG**

JULY 20, 2009
~~June~~ __, 2009

6

## SETTLEMENT AGREEMENT AND RELEASES

This SETTLEMENT AGREEMENT (the "Agreement") is made and entered into this _ day of July _, 2009 by and between PEDRO WONG (the "Plaintiff") and CENTURY ROOFING, INC. (the "Company").

Plaintiff filed a lawsuit against the Company in the United States District for the Southern District of Florida styled *Pedro Wong. v Century Roofing, Inc.*, Case # 08-22639-CIV-KING (the "Lawsuit").

Plaintiff alleges in the Lawsuit that the Company failed to properly pay him overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA").

The Company has denied all of the claims made in the Lawsuit and maintain that the Company fully complied with the requirements of the FLSA with respect to the Plaintiff and other employees.

The Company also maintains that Plaintiff owes it an outstanding balance of $642.50 for work done by the Company for Plaintiff (the "Outstanding Balance").

Plaintiff and the Company have agreed to amicably resolve the claims made in the Lawsuit and any claims relating to the Outstanding Balance, as well as any other claims between them, pursuant to the terms and conditions in this Agreement. Accordingly, Plaintiff and the Company agree as follows:

**I. SETTLEMENT SUM.** The Company shall pay to Plaintiff, and Plaintiff agrees to accept, on behalf of himself and his heirs, executors, personal representatives, attorneys and assigns, the total gross sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) (the "Settlement Sum"). The Settlement Sum shall be apportioned by the parties as follows:

a) TWO THOUSAND DOLLARS ($2,000.00), less all required payroll deductions, shall be paid to Plaintiff as settlement for his claims for unpaid overtime pursuant to the FLSA. The Company shall issue Plaintiff a Form W-2 for this amount and any other wages paid to him.

b) TWO THOUSAND DOLLARS ($2,000.00) shall be paid to Plaintiff as settlement for his claims for liquidated damages pursuant to the FLSA.

c) THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) shall be paid to Plaintiff's counsel, The Law Offices of Eddy O. Marban, as settlement for Plaintiff's claims for attorney's fees and costs pursuant to the FLSA.

**II. DISMISSAL OF THE LAWSUIT WITH PREJUDICE.** Within three (3) business days from the date the last party signs this Agreement, the parties shall file with the

Court in which the Lawsuit is pending a Joint Stipulation for Approval of Settlement Agreement and Dismissal of the Lawsuit with Prejudice in the form attached as Exhibit "A." The parties acknowledge and agree that this Agreement (including the payments set forth in paragraph I above) is contingent upon Court approval of this Agreement and the dismissal with prejudice of the Lawsuit. Accordingly, the parties and their respective counsel shall cooperate and execute such other documents or pleadings as may be necessary for the approval of this Agreement and the dismissal of the Lawsuit with prejudice.

**III. PAYMENT OF THE SETTLEMENT SUM.** The Settlement Sum shall be paid in two (2) equal installments as follows:

a) Within five (5) business days from the date the parties receive an Order approving the Agreement and dismissing Lawsuit with prejudice, the Company shall issue the following three (3) checks: (1) a check in the amount of $1,000.00, less all required payroll deductions, to Plaintiff representing one-half of the payment due pursuant to paragraph I(a) above; (2) a check in the amount of $1,000.00 to Plaintiff representing one-half of the payment due pursuant to paragraph I(b) above; and (3) a check in the amount of $1,750.00 to the Law Offices of Eddy O. Marban representing one-half of the payment due pursuant to paragraph I(c) above.

b) Within sixty (60) calendar days from the date the payments set forth in subparagraph (a) above, the Company shall issue the following three checks: (1) a check in the amount of $1,000.00, less all required payroll deductions, to Plaintiff representing the second-half of the payment due pursuant to paragraph I(a) above; (2) a check in the amount of $1,000.00 to Plaintiff representing the second-half of the payment due pursuant to paragraph I(b) above; and (3) a check in the amount of $1,750.00 to the Law Offices of Eddy O. Marban representing the second-half of the payment due pursuant to paragraph I(c) above.

The checks due pursuant to subparagraphs (a) and (b) above shall be delivered to Plaintiff's counsel, Eddy O. Marban, Esq. at 782 NW LeJeune Rd, Suite 350, Miami, FL 33126. Upon receipt, Plaintiff's counsel shall be solely responsible for disbursing to Plaintiff the checks representing payment of his corresponding portion of the Settlement Sum.

**IV. GENERAL RELEASE OF THE COMPANY.** Plaintiff hereby releases, acquits, discharges, and covenants not to sue the Company and its officers and directors (including without limitation Barbara and Ricky Steele), employees, shareholders, employees, predecessors and successors in interest, parents, subsidiaries, affiliates, related entities, assigns and attorneys (collectively, the "Company Released Parties") from any and all obligations, sums of money and claims of any kind whatsoever, whether known or unknown, that Plaintiff, individually or jointly with others, has, had or may have against the Company Released Parties from the beginning of the world to the date of this Agreement.

2



Plaintiff acknowledges and agrees that this release and waiver includes, but is not limited to, any and all causes of action arising from or relating to his employment or engagement by the Company and any work done by the Company for or on behalf of Plaintiff. Plaintiff also acknowledges and agrees that this release and waiver includes, but is not limited to, any and all causes of action: (i) for violation of the FLSA and/or the Florida Minimum Wage Act and any claims for attorney's fees and/or costs that were or could have been made in the Lawsuit; (ii) arising under any federal, state, local or foreign statute or regulation, including, without limitation, those relating to unfair or discriminatory employment practices (for example, employment discrimination based on race, national origin, sex, sex harassment, religion, age, disability or handicap) of any kind under the federal Age Discrimination in Employment Act, as amended (the "ADEA"), the federal Civil Rights Acts of 1866, 1871, 1964 and 1991 (including Title VII), the Florida Civil Rights Act, the federal Americans with Disabilities Act, the federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the Florida Wage Discrimination Law, the Florida Wage and Hour laws, Florida and federal statutes regarding "whistleblower" activities, the federal Family and Medical Leave Act of 1993, the federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), any other federal, state and local employment-related statutes and regulations, and any other employment-related local ordinance; (iii) in contract or at common law, including, but not limited to, any claim arising from or relating to work performed by the Company for or on behalf of Plaintiff, breach of oral, written and/or implied contract, breach of an implied covenant of good faith and fair dealing, breach of an warranty, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, constructive discharge, intentional and negligent infliction of emotional distress, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage.

Plaintiff acknowledges that this release and waiver is made knowingly and voluntarily and that no rights or claims arising the date of this Agreement, including, but not limited to any rights under the ADEA, are waived.

**V. GENERAL RELEASE OF PLAINTIFF.** The Company similarly releases, acquits, discharges, and covenants not to sue Plaintiff and his heirs, personal representatives, executors, attorneys and assigns (collectively, the "Plaintiff Released Parties") from any and all obligations, sums of money and claims of any kind whatsoever, whether known or unknown, that the Company has, had or may have against the Plaintiff Released Parties from the beginning of the world to the date of this Agreement. The Company acknowledges and agrees that this release and waiver includes, but is not limited to, any and all causes of action arising from or relating to Plaintiff's employment or engagement by the Company; and any work done by the Company for or on behalf of Plaintiff.

The Company also acknowledges that this release and waiver is made knowingly and voluntarily and that no rights or claims arising after the date of this Agreement are waived.

3



**VI. NO OTHER CLAIMS.** Plaintiff promises and agrees that, with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the U.S. Equal Employment Opportunity Commission, the Florida Commission on Human Rights, the Miami-Dade Equal Opportunity Board, the federal and Florida Departments of Labor, or any other federal, state or local governmental agency or department.

Plaintiff also represents that, other than the Lawsuit, he has not filed or initiated any other claims or complaints against the Company Released Parties, and currently does not have pending before any court or federal, state or local government agency any dispute of any kind against the Company Released Parties. Plaintiff further represents that he has not assigned or transferred, or purported to have assigned or transferred, to any entity or person any rights or claims released by him pursuant to this Agreement.

Plaintiff also declares and represents that he has not suffered any on-the-job or work-related accident or injury, occupational disease or disability whether temporary, permanent, partial or total that he has not reported to the Company and/or which has not been resolved.

**VII. NO RE-EMPLOYMENT.** Plaintiff agrees not to seek re-employment with the Company or to knowingly seek re-employment with any other of the Company Released Parties, and that the Company, and any other of the Company Released Parties, have no obligation, contractual or otherwise, to hire or employ him and may refuse to hire or employ him in the future based on this Paragraph VII.

**VIII. NO DISPARAGEMENT.** Plaintiff agrees that he will not make any adverse, derogatory, or disparaging comments or statements, orally or in writing, direct or indirect, about or against the Company, any of the Company Released Parties or his tenure working for the Company.

**IX. NO ADMISSIONS.** Neither this Agreement nor anything contained in this Agreement shall constitute or is to be deemed or construed as an admission by the parties or as evidence of any liability, wrongdoing or violation of any law.

**X. CONFIDENTIALITY.** Plaintiff agrees to not discuss, reveal or disclose the terms and conditions of this Agreement, the facts underlying the Lawsuit, the amount paid / to be paid to him by the Company pursuant to this Agreement, and the fact that the Company agreed to pay any amount to resolve the Lawsuit, except (1) to his attorneys, accountants and tax advisors, (2) as may be required by the Internal Revenue Service, or (3) pursuant to court order or subpoena compelling such disclosure. Plaintiff also agrees to not discuss, reveal or disclose that this Agreement is a matter of public record.

In the event he receives a subpoena, court order or other compulsory process compelling such disclosure, Plaintiff agrees to notify the Company and provide it with a copy



of the subpoena, court order or process as soon as possible so that the Company may contest or seek to quash such subpoena, court order or process, if it so desires. In the event that Plaintiff discloses to his attorneys, accountants or tax advisors the terms and conditions of this Agreement, the facts underlying the Lawsuit, the amount paid / to be paid by the Company pursuant to this Agreement, and/or the fact that the Company agreed to pay any amount to resolve the Lawsuit, it shall be Plaintiff's sole responsibility to advise said individuals of the confidential nature of such information and to secure from such individuals his or her assent to be bound by this confidentiality agreement and not to disclose, publicize or discuss such confidential information to anyone else. Notwithstanding anything in this Paragraph X to the contrary, Plaintiff agrees that if asked about or when discussing the Lawsuit, he will limit his remarks and simply state: "the matter has been resolved."

XI. **CONSTRUCTION OF AGREEMENT**. The parties agree and acknowledge that each of them and their respective legal counsel have reviewed and revised this Agreement, that the parties have consulted with their respective legal counsel with regard to the Agreement, and that this Agreement has been voluntary and consensually negotiated at "arms length." Accordingly, the parties agree and acknowledge that no rule of construction which would result in an interpretation or construction of this Agreement in favor, or to the detriment, of one of the parties shall apply in construing or interpreting this Agreement or any part of this Agreement.

XII. **ATTORNEYS' FEES**. Except as set forth in paragraph 1 above, each of the parties agrees to bear its own attorney's fees and costs in connection with the Lawsuit, the resolution of the Lawsuit and this Agreement.

XIII. **GOVERNING LAW**. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida without regard to principles of conflicts of laws (venue in Broward County, Florida).

XIV. **SUCCESSORS AND ASSIGNS**. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, next of kin, assigns and successors.

XV. **WAIVER**. The waiver by any party of any breach of any provision, covenant or condition of this Agreement shall not be construed as a waiver of any subsequent breach of such provision, covenant or condition or the breach of any other provision, covenant, or condition.

XVI. **AMENDMENT AND MODIFICATION**. This Agreement cannot be modified or amended except in writing executed by the parties. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof.

XVII. **COUNTERPARTS**. This Agreement may be executed in one or more counterparts, all of which taken together shall be deemed an original; provided that the parties shall each be given original signatures of all signatories to this Agreement.

5



XVIII. **REASONABLE TIME TO CONSIDER AND REVOCATION**. Plaintiff acknowledges that he (1) has fully read, negotiated, and completely understand the provisions of this Agreement: (2) has been advised by the Company to consult with an attorney before singing this Agreement, and has consulted with the attorney of his choice; (3) has been given at least 21 calendar days to review and consider the provisions of this Agreement; and (4) is signing this Agreement freely and voluntarily, and without duress, coercion or undue influence. Plaintiff also understands and acknowledges that he has 7 days following the execution of this Agreement to revoke his acceptance of this Agreement (the "Revocation Period") and that this Agreement shall not become effective or enforceable until the Revocation period has expired. Plaintiff agrees that revocation shall be effective only upon the Company's receipt of a written revocation notice from him delivered by 5:00 p.m. on the 7th day following his signing of this Agreement to the Company's attorney, The Diaz Law Firm, P.A., 717 Ponce de Leon Boulevard, Suite 332, Coral Gables, FL 33134. Additionally, Plaintiff understands and acknowledges that no monies shall be paid pursuant to this Agreement until the end of the Revocation Period

IN WITNESS WHEREOF, each party has caused this Agreement to be knowingly and voluntarily and with advice of counsel executed on the date(s) set forth below.

CENTURY ROOFING, INC.

*[signature]*

By Barbara M. Steele, President
June __, 2009

PEDRO WONG

_____

June __, 2009

6